IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARCUS MOORE                                                                                    PLAINTIFF

v.                                    Civil No. 1:16-CV-01093-SOH-BAB

LT. PAUL KRUGER and LT. C. PENDLETON                                                DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by the Plaintiff, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendants' Motion for Judgment on the Pleadings. ECF No. 9.

**1.    BACKGROUND**

Plaintiff filed his Complaint on November 9, 2016. ECF No. 1. Plaintiff alleges his constitutional rights were violated when he was denied access to the law library by Defendants. He further alleges Defendant Pendleton denied him the opportunity to speak to someone higher in the chain of command to discuss the situation. ECF No. 1, pp. 4-6.

Plaintiff proceeds against both Defendants in their official and personal capacities. ECF No. 1, p. 5. Plaintiff seeks compensatory and punitive damages. ECF No. 1, p. 7.

Defendants filed their Motion for Judgment on the Pleadings[1] on December 21, 2016. ECF No. 9. Plaintiff did not respond.

## 2. APPLICABLE LAW

Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## 3. DISCUSSION

Plaintiff has failed to state a cognizable claim for denial of access to the courts. The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not create an

---

[1] Although Defendants cite to Rule 12(b)(6) in their motion, it appears they meant to reference Rule 12(c).

abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds,* 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram,* 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in a number of ways including, prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods). However, an inmate has no standing to pursue an access claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis,* 518 U.S. at 351-2; *see also Farver v. Vilches,* 155 F.3d 978, 979-980 (8th Cir.1998) (per curiam); *Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir.1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung,* 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

The prison must also provide inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds v. Smith,* 430 U.S. at 824-5; *see also Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir.1996) (*citing Lewis v. Casey,* 518 U.S. at 350-1). The duty to provide such allowances is constrained by the inmates' right of *meaningful* access to the courts. *Bounds,* 430 U.S. at 824-5.

In this case, Plaintiff did not allege that he suffered any prejudice or actual injury as a result

3

of being denied access to the law library. Plaintiff therefore has no standing to pursue an access to courts claim. Further, as there has been no constitutional violation, there was no violation when Defendant Pendleton stated that Plaintiff "couldn't talk to anyone over him to discuss this situation."

## 4. CONCLUSION

Accordingly, I recommend Defendants' Motion for Judgment on the Pleadings (ECF No. 9) be GRANTED and Plaintiff's Complaint be DISMISSED without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **17th day of July 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE